UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ACKERMAN FAMILY VINEYARDS LLC,<br><br>        Defendant. | Case No. 3:21-cv-09184-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Plaintiff Andres Gomez, who is legally blind, attempted to access the website of a winery owned by defendant Ackerman Family Vineyards LLC ("Ackerman"). He alleges that aspects of it were inaccessible to him in violation of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. Ackerman moves to dismiss. Because Gomez has not yet pleaded a cognizable injury, the motion is GRANTED WITH LEAVE TO AMEND.[1]

## BACKGROUND

Gomez is "legally blind" and uses screen-reader software ("SRS") to navigate websites. Complaint ("Compl.") [Dkt. No. 1] ¶ 1. Ackerman owned and operated a winery in Napa, California, during the events in question. *Id.* ¶ 2.

Gomez alleges that, in March and August 2021, he visited Ackerman's website as a "prospective customer who wished to access [its] goods and services." *Id.* ¶ 16. He wanted to "get information about wines sold at the vineyard" and about wine tasting tours. *Id.* ¶ 17. He alleges that he encountered "accessibility design faults" that prevented him from using an SRS successfully: (1) the images lacked a "text equivalent readable by SRS," (2) the website contained

---

[1] Oral argument is unnecessary and the hearing is VACATED. *See* Civ. L.R. 7-19(b).

1  "script elements" not readable by SRS, and (3) the contrast between background and foreground
2  elements was too low. *Id.* ¶ 18. He states that, as a result, he was denied full and equal access to
3  Ackerman and is deterred from visiting the website again. *Id.* ¶¶ 23–24.
4  Gomez filed suit in November 2021 under the ADA and Unruh Act. *See generally id.*
5  Ackerman moves to dismiss. In response, Gomez filed a notice of intent to file an amended
6  complaint, Dkt. No. 11, but he failed to do so or to respond to the motion. I ordered him to show
7  cause why the case should not be dismissed for failure to prosecute by filing an opposition, Dkt.
8  No. 12, and he eventually did so.

## LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted).

1   Once the moving party has made a factual challenge by offering affidavits or other evidence to
2   dispute the allegations in the complaint, the party opposing the motion must "present affidavits or
3   any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses
4   subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also*
5   *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## DISCUSSION

Ackerman moves to dismiss on the ground that Gomez lacks standing to pursue his claims. *See* Motion to Dismiss ("Mot.") [Dkt. No. 10-1]. According to it, Gomez has failed to adequately allege an injury-in-fact or the requisite deterrence or intent to return. *Id.* 6–16. For the reasons that follow, I agree.

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of pleading and showing standing. To do so, he must demonstrate three elements: (1) an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) that it is "likely ... that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks and citations omitted). An injury in fact must be "concrete and particularized" and "actual or imminent," as opposed to "conjectural or hypothetical." *Id.* To show a causal connection, the injury must only be "fairly traceable" to the challenged conduct. *Id.*

To receive injunctive relief under the ADA—the only remedy available—Gomez must demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (en banc) (internal quotation marks and citation omitted). The Ninth Circuit has held there are two ways to meet the requirement. First, the requirement is satisfied when a plaintiff shows that he "intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Id.* Second, it is satisfied when a plaintiff is "deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Id.* at 949. Said otherwise, an ADA plaintiff can demonstrate standing "either by demonstrating deterrence, or

3

1    by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at
2    944.
3           The Ninth Circuit addressed claims about accessibility of websites by people with visual
4    impairments under the ADA in *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019).
5    Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of
6    disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,
7    or accommodations of any place of public accommodation by any person who owns, leases (or
8    leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  The ADA also
9    makes clear that prohibited discrimination includes "fail[ing] to take such steps as may be
10   necessary to ensure that no individual with a disability is excluded, denied services, segregated or
11   otherwise treated differently than other individuals *because of the absence of auxiliary aids and
12   services*." *Robles*, 913 F.3d at 904 (quoting 42 U.S.C § 12182(b)(2)(A)(iii)) (internal quotation
13   marks omitted) (emphasis added).  Consequently, *Robles* held that "the ADA mandates that places
14   of public accommodation . . . provide auxiliary aids and services to make visual materials
15   available to individuals who are blind." *Id.* at 905.  And that requirement applies to the websites
16   (and smartphone applications) of public accommodations.  *See id.*
17          Applying these principles, *Robles* explained that the ADA claim there was viable because
18   of a "nexus" between the website and the physical place of accommodation.  *See id.*  There, for
19   example, "Domino's website and app facilitate access to the goods and services of a place of
20   public accommodation—Domino's physical restaurants." *Id.*  The court contrasted this situation
21   with a previous case examining a website that was not connected to a physical location.  In that
22   case, the defendant only sold insurance policies online and the court held that no ADA claim could
23   be brought against its website.  *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104,
24   1113–14 (9th Cir. 2000).
25          I recently ruled on a motion to dismiss a complaint from Gomez that was, except for the
26   name of the defendant, identical to the present case.  *See Gomez v. Trinitas Cellars, LLC*, No.
27   3:21-CV-09006-WHO, 2022 WL 704857 (N.D. Cal. Mar. 9, 2022).  There, I applied *Robles* and
28   found that "the Complaint must be dismissed (with leave to amend) [because] it fails to adequately

United States District Court
Northern District of California

4

plead how the specific barriers deprived Gomez of full and fair enjoyment or denied him equal access to the winery." *Id.*, at *3. As I explained:

> All that Gomez pleads about the barriers, as recounted above, is that (1) "[i]mages on the website lack a text equivalent readable by SRS," (2) "[t]he website contains script elements that are not identified with functional text readable by SRS," and (3) "[t]he visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements." None of these plausibly show *how* the alleged barriers denied his full and fair enjoyment. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (requiring this as a matter of pleading in ADA cases). It seems possible, for instance, that Gomez was still able to read the webpage with SRS despite its contrast, that the unidentified images were not material, and that the unidentified script elements did not impact the experience of reading the webpage—the pleading is too vague to assess if this is so.
>
> This pleading problem also matters to whether the claims are cognizable under *Robles*. As a judge in this district recently explained in applying *Robles*, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021). Gomez does not allege that these issues impacted accessing the physical location. He has leave to amend to add further allegations.

*Id.*, at *3. The same result follows here. Gomez has failed to adequately allege that he has standing.

Ackerman offers another argument that I will address now to streamline future proceedings. It relies on several other cases from this district that dismissed claims brought by Gomez about real estate brokers' websites. *See* Mot. 9–14. In one, Judge Alsup ordered him to submit a declaration demonstrating his injury based on doubts about its cognizability. *See Gomez v. Gates Ests., Inc.*, No. C 21-7147 WHA, 2022 WL 458465, at *1 (N.D. Cal. Feb. 15, 2022). In response, Gomez stated that he did not have "any present intention to patronize the realtor services" but instead used the website based on a "general interest in high-end real estate divorced from any present ability to purchase property." *Id.*, at *2. He was, he said, a "dreamer and window-shopper." *Id.* Judge Alsup dismissed the case, finding that, under *Robles* and general ADA standing principles, Gomez had failed to show that he was accessing the website as a nexus to the physical place of accommodation. *Id.*, at *4. In other cases, judges dismissed identical claims at the pleadings stage for failure to allege standing on similar grounds. *See Gomez v. Miersch*, No. 21-CV-08936-CRB, 2022 WL 1271009, at *2 (N.D. Cal. Apr. 28, 2022); *Gomez v.*

*Corro*, No. 21-CV-07085-SI, 2022 WL 1225258, at *2 (N.D. Cal. Apr. 26, 2022); *Gomez v. Smith*, No. 21-CV-07154-RS, 2022 WL 117763 (N.D. Cal. Jan. 12, 2022).

That said, there may be a difference between real estate brokers' websites and a winery's website. The Honorable Susan Illston (who authored one of the real estate-related orders referenced above) recently dealt with a similar issue in a case about Gomez and winery websites. Based on Gomez's representations in other cases and in reliance on *Gates*, she ordered Gomez to show cause why the case should not be dismissed for lack of subject matter jurisdiction. *See Gomez v. Kieu Hoang Winery, LLC*, 3:21-cv-09471-SI, Dkt. No. 15. In response, Gomez averred that he intended to visit the physical location of the winery, unlike in the real estate cases. *Id.*, Dkt. No. 19. Based on that representation, Judge Illston dissolved the order to show cause and permitted the case to proceed. *Id.* Gomez has not yet made a representation like that in this case; if it is true, he will be able to do so in the amended complaint.

Finally, "[b]ecause I am granting leave to amend, I do not yet determine whether to decline supplemental jurisdiction over the Unruh Act claim; if Gomez eventually succeeds in stating a claim, that question will be assessed." *Trinitas Cellars*, 2022 WL 704857, at *2. Ackerman's standing argument about that claim is essentially duplicative of its standing argument on the ADA claim. *See* Mot. 15–16. It will not be able to be resolved without an amended complaint.

## CONCLUSION

The motion to dismiss is GRANTED WITH LEAVE TO AMEND. An amended complaint shall be filed within 20 days.

**IT IS SO ORDERED.**

Dated: May 26, 2022

William H. Orrick
United States District Judge