UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ACKERMAN FAMILY VINEYARDS LLC,<br><br>        Defendant. | Case No. 3:21-cv-09184-WHO<br><br>**ORDER ADDRESSING DISMISSAL** |

On May 26, 2022, I granted the defendant's motion to dismiss the claims in this case with leave to amend. Dkt. No. 18. I gave the plaintiff 20 days to file an amended complaint, but he did not do so. On July 7, 2022, the defendant requested that a dismissal with prejudice be entered as a result. Dkt. No. 25. Several hours later, the plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 28. The next day, the defendant requested that I nonetheless enter a dismissal *with* prejudice. Dkt. No. 29.

FRCP 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The rule also provides that the dismissal may be without prejudice. Fed. R. Civ. P. 41(a)(1)(B). The Ninth Circuit has held that this language means what it says: until an answer or summary judgment motion is filed, the plaintiff has the right to terminate the action automatically, with no further action needed or permissible by the court. "The filing of notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of

1  court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no

2  impairment beyond his fee for filing." *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993)

3  (citation and alterations omitted). It has held this is so even after the filing of a motion to dismiss.

4  *Swedberg v. Marotzke*, 339 F.3d 1139, 1142 (9th Cir. 2003).

5        Here, no answer or motion for summary judgment had been filed. Accordingly, the

6  plaintiff had a right to automatically terminate the case simply by filing the notice, leaving no

7  room for me to counteract that action. *Id.*; *Pedrina*, 987 F.2d at 610 ("The language of Rule

8  41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action 'without order of court.'"

9  (citation omitted)). This case is, to be sure, unusual because the complaint was dismissed with

10 leave to amend, that leave was not exercised, and the defendant therefore requested dismissal with

11 prejudice. It was only due to a speedy filing of the notice that I did not yet order that dismissal.

12 But the defendant has presented no authority, and I am aware of none, carving out an exception to

13 the Rule's clear language and the Ninth Circuit unambiguous holdings. The dismissal here is

14 already complete and it was without prejudice.

15       That said, if the plaintiff re-files the case (or a similar one) against the defendant, it would

16 be related to this one within the meaning of the Local Rules and should be brought before me. *See*

17 Civ. L.R. 3-12. I would take due consideration of what has occurred in this case. Additionally,

18 the rule is clear that the plaintiff would not be able to attempt this maneuver again in the second

19 case: "if the plaintiff previously dismissed any federal- or state-court action based on or including

20 the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P.

21 41(a)(1)(B).

22       The Clerk shall close the file in this case.

23       **IT IS SO ORDERED.**

24 Dated: July 11, 2022

William H. Orrick
United States District Judge